z

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LEVOUR JILES, Plaintiff | CIVIL DOCKET NO. 1:20-CV-282 P |
| VERSUS | JUDGE DRELL |
| W. S. SANDY MCCAIN, *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss (ECF No. 15) filed by the Defendants Secretary James LeBlanc ("LeBlanc"), Assistant Warden James Longino ("Longino"), and Lt. Col. Steven Bordelon ("Bordelon") (collectively, "Defendants"). Defendants assert that Plaintiff Levour Jiles ("Jiles") (#418160) is barred from seeking monetary damages from Defendants in their official capacities. ECF No. 15 at 1. Defendants also claim immunity from suit. ECF No. 15 at 1.

For the reasons below, it is recommended that Defendant's Motion to Dismiss be GRANTED IN PART to the extent that Jiles is barred from suing all Defendants in their official capacities and Defendant LeBlanc in his personal capacity and DENIED IN PART to the extent that Jiles can sue Defendants Longino and Bordelon in their personal capacities.

I. **Background**

Jiles is an inmate in the custody of the Louisiana Department of Public Safety and Corrections ("DOC"), incarcerated at the Raymond Laborde Correctional Center ("RLCC") in Cottonport, Louisiana. ECF No. 1 at 2. Jiles filed a *pro se* civil

rights Complaint (ECF No. 1) under 42 U.S.C. § 1983. Jiles alleges that Defendants failed to eliminate smoking tobacco from RLCC, thus subjecting Jiles to environmental tobacco smoke ("ETS") in violation of his constitutional rights. ECF No. 1 at 1-6.

Jiles claims that inmates at RLCC are converting smokeless tobacco into a smokable form by drying it in the microwave and rolling it with bible pages. ECF No. 1 at 3. As a result of regular exposure to ETS, Jiles experienced migraines and nausea. *Id.* Jiles asserts that prison officers were aware of the situation, but "look[ed] the other way" because the officers could not "write all of them up." *Id.*

Jiles seeks compensatory damages for his bodily injuries, medical expenses, pain and suffering, and mental anguish, and punitive damages for the constitutional violation. *Id.* at 6. Jiles also requests an injunction removing smokeless tobacco from the RLCC's canteen.[1] *Id.*

Defendants now seek dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), and for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). ECF No. 15. Jiles opposes. ECF No. 19.

II. <u>Law and Analysis</u>

    A. <u>Jiles's claims against Defendants in their official capacities are barred by the Eleventh Amendment.</u>

Rule 12(b)(1) of the Federal Rules of Civil Procedure requires a court to dismiss a claim over which it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Federal district courts have jurisdiction over civil actions "arising under

---

[1] The Court will not address the issue of injunctive relief because it is premature and Defendants have not raised it.

2

the Constitution, laws, or treaties of the United States." *Dos Santos v. Belmere Ltd. Partnership*, 516 Fed.Appx. 401, 402 (5th Cir. 2013) (citing 28 U.S.C. § 1331). Federal courts also have original jurisdiction over disputes between diverse citizens which exceed the sum or value of $75,000. *Dos Santos*, 516 Fed.Appx. at 402 (citing 28 U.S.C. § 1332(a)).

Lack of subject-matter jurisdiction may be found in: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). Here, Defendants assert that on the face of the Complaint Jiles is suing them in their official capacity for monetary damages which is barred by Eleventh Amendment immunity. ECF No. 15 at 1 (citing U.S. Const. amend. XI).

A suit against a state official in his official capacity is considered a suit against the state itself. *E.g. Gipson v. McCain*, No. 1:17-CV-1394-P, 2018 WL 1973225, at *2 (W.D. La. Apr. 9, 2018) (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991)). The Eleventh Amendment bars a state's citizens from filing suit against the state in federal court unless the state has waived immunity. *Gipson*, 2018 WL 1973225, at *2 (citing *Cozzo v. Tangipahoa Parish Council–President Government*, 279 F.3d 273, 280 (5th Cir. 2002)). The state of Louisiana has statutorily refused any waiver of Eleventh Amendment sovereign immunity in federal court. *Gipson*, 2018 WL 1973225, at *2; *see* La. Rev. Stat. Ann. § 13:5106(A). Thus, Jiles's monetary claims

against Defendants in their official capacities are barred by the Eleventh Amendment.

> B. Plaintiff has a plausible claim against Defendants Longino and Bordelon in their personal capacities, but not against Defendant LeBlanc.

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a district court may dismiss an action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a 12(b)(6) motion, Jiles's Complaint must "contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"Likewise, a complaint fails to state a claim on which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint." *Bonilla v. Cobb*, No. 19-1028, 2019 WL 6592593, at *3 (W.D. La. Nov. 18, 2019). Courts view the alleged facts in the light most favorable to the plaintiff. *Jackson v. Valdez*, No. 20-10344, 2021 WL 1990788, at *4 (5th Cir. 2021) (internal citations omitted).

Jiles sues under 42 U.S.C. § 1983, alleging that his constitutional rights are being violated by regular exposure to ETS. ECF No. 1 at 3-6; 19-1 at 11. Because Jiles is barred from seeking monetary damages against Defendants in their official capacities, he must state a claim against Defendants in their personal capacities.

To determine whether a defendant is being sued in his official or personal capacity, courts consider the "allegations in the complaint" and the "course of proceedings." *Robinson v. Hunt County, Texas*, 921 F.3d 440, 446 (5th Cir. 2019) (quoting *Parker v. Graves*, 479 F.2d 335, 336 (5th Cir. 1973); *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985)). Here, the Court presumes Jiles asserts claims against Defendants in both their official and individual capacities.

The United States Supreme Court has articulated a two-prong test for determining whether ETS exposure violates a prisoner's Eighth Amendment right: "First, the prisoner must show [objectively] that he is being exposed to unreasonably high levels of environmental tobacco smoke,"[2] and second, "the prisoner must show [subjectively] that prison authorities demonstrated a deliberate indifference to his plight." *Davis v. McCain*, No. 16-cv-1534, 2019 WL 8273960, at *1 (W.D. La. Dec. 11, 2019) (citing *Helling v. McKinney*, 113 S. Ct. 2475, 2482 (1993)).

As for the first prong, this Court has taken judicial notice of the Surgeon General's 2006 report on health consequences related to exposure to ETS. *Davis*, 2019 WL 8273960, at *4; *Samuels v. Arnold*, No. 11-cv-0201, 2014 WL 1340064, at *3 (W.D. La. Apr. 1, 2014). There is no risk-free level of exposure to secondhand smoke and breathing even a little can be harmful to health. *Davis*, 2019 WL 8273960, at *4; *Samuels*, 2014 WL 1340064, at *3.

---

[2] Jiles need not allege a current physical injury to properly state a § 1983 claim for ETS exposure. *See Gipson v. LeBlanc*, No. 1:17-CV-01394, 2019 WL 4803683, at *4 (W.D. La. Sep. 6, 2019).

5

The United States Court of Appeals for the Fifth Circuit noted that "sporadic and fleeting exposure" is not "unreasonably high" for the purposes of *Helling*. *Davis*, 2019 WL 8273960, at *4 (citing *Richardson v. Spurlock*, 260 F.3d 495, 498 (5th Cir. 2001)). The Fifth Circuit has also recognized that a prisoner sufficiently states an Eighth Amendment claim if they have been exposed to ETS for a "sustained time, even if the ETS had not already harmed his health." *Westley v. LeBlanc*, No. 1:20-cv-00243, 2021 WL 1219982, at *4 (W.D. La. Mar. 15, 2021). This Court has drawn a distinction between "intermittent exposure to smoke during bus rides" as "sporadic and fleeting" and "situations [where] the plaintiff was forced to share living quarters with smokers . . . " as "unreasonably high." *Brooks v. Menifee*, No. 1:07–cv–00131, 2010 WL 774079, at *3 (W.D. La. March 4, 2010); *see also Murrell v. Casterline*, 307 Fed.Appx 778, 780 (5th Cir. 2008).

Regarding the second prong, "deliberate indifference" exists when the prison official knows that inmates are at risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Davis*, 2019 WL 8273960, at *4 (quoting *Farmer v. Brennan*, 114 S.Ct. 1970, 1984 (1994)). In deciding whether a plaintiff has demonstrated deliberate indifference, a court considers: existence of a no-smoking policy, enforcement of the policy when violations are observed, direct complaints to prison officials, extent of bodily injury, and pervasiveness of smoking within indoor spaces. *See Davis*, 2019 WL 8273960, at *3-4; *Gipson*, 2018 WL 1973225, at *2-3; *Samuels*, 2014 WL 1340064, at *4-5.

Jiles's Complaint is facially plausible. Jiles alleged bodily injury as a result of involuntary daily exposure to ETS. ECF No. 1 at 3-6. Jiles asserted that windows and vents in the dorm could not be opened. *Id.* at 5. As for deliberate indifference, Jiles claims that officers laugh at him when he complains about ETS in the dorm. *Id.* at 4. Jiles's Complaint cites inaction by assistant warden Longino and Lt. Col. Bordelon allowed smoking to continue. *Id.* Specifically, Jiles had personal conversations with Longino and Bordelon regarding the secondhand smoke that did not result in greater enforcement of the no-smoking policy. *Id.* Jiles claims that Bordelon saw cigarette butts on the floors and did nothing to reprove offenders. *Id.* The Complaint also states that offenders are verbally reprimanded, but not written up. *Id.* at 3.

Considering these allegations, and taking them as true, the Court can reasonably infer that Defendants Longino and Bordelon may be personally liable for the alleged conduct. *See Ashcroft*, 556 U.S. at 678. Thus, Jiles has sufficiently stated a claim against these Defendants in their personal capacities.

However, Jiles failed to establish that Defendant LeBlanc is personally liable on the face of the Complaint. ECF No. 1. As this Court previously stated in *Gipson v. McCain*:

> Secretary LeBlanc does not supervise or control the day-to-day operations and employees of RLCC. Gipson has not claimed personal involvement by Secretary LeBlanc in the alleged failure of RLCC to enforce the no—smoking policy at RLCC, nor has he alleged the implementation of an unconstitutional policy by Secretary LeBlanc.

*Gipson*, 2018 WL 1973225, at *2. Although Jiles named LeBlanc in his Complaint, the alleged facts did not mention any personal action or inaction taken by LeBlanc. ECF No. 1 at 3-6. Nor does Jiles allege an unconstitutional policy implemented by LeBlanc. *Id.* Even liberally construed, Jiles has not sufficiently stated a claim against Defendant LeBlanc in his personal capacity.

### III. Conclusion

Because Jiles is barred from suing all Defendants in their official capacities but has sufficiently stated a claim for monetary relief against Defendants Longino and Bordelon in their personal capacities, IT IS RECOMMENDED that Defendants' motion to dismiss (ECF No. 15) be GRANTED IN PART and DENIED IN PART, and that Jiles's federal law claims against all Defendants in their official capacities and Defendant LeBlanc in his personal capacity should be DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed. R. Civ. P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

SIGNED on Wednesday, June 30, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE