b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

LEVOUR JILES                      CIVIL DOCKET NO. 1:20-CV-00282

**VERSUS**                        **JUDGE DRELL**

**W.S. SANDY MCCAIN, ET AL.,**
**Defendants**                   **MAGISTRATE JUDGE PEREZ-MONTES**

---

## REPORT AND RECOMMENDATION

Before the Court are cross-Motions for Summary Judgment. ECF No. 29, 33. Because Defendants have shown they were not deliberately indifferent to the serious risk of future harm to Jiles from second-hand smoke, Defendants' Motion for Summary Judgment (ECF No. 33) should be GRANTED, Jiles's Motion for Summary Judgment (ECF No. 29) should be DENIED, and Jiles's action should be DENIED AND DISMISSED WITH PREJUDICE..

I.    <u>Background</u>

*Pro se* plaintiff Levour Jiles ("Jiles") filed a civil rights complaint, *in forma pauperis,* pursuant to 42 U.S.C. § 1983. The remaining Defendants are James Longino ("Longino") (an assistant warden employed at Raymond Laborde Correctional Center ("RLCC") in Cottonport, Louisiana), Steven Bordelon ("Bordelon") (a lieutenant colonel employed at RLCC), and Warden Marcus Myers (warden of RLCC).[1] Jiles alleges that, while incarcerated in the Raymond Laborde

---

[1] Former Warden W.S. Sandy McCain was dismissed on notice of death (ECF No. 16), and current Warden Marcus Myers was substituted by operation of law as a Defendant in his

Correctional Center ("RLCC") in Cottonport, Louisiana, inmates at RLCC dry smokeless tobacco ("dip") in microwave ovens and use pages removed from the <u>Bible</u> to roll and smoke it.  ECF No. 1 at 3.  Jiles alleges the environmental tobacco smoke ("ETS") from other inmates drying and smoking the dip causes him migraine headaches and nausea, and puts him at substantial risk of serious future harm.  Jiles is currently incarcerated in the RLCC.  Jiles further contends there are no cameras in the dorms for security officers to view what is occurring, and that the vents and windows in the dorms are closed.  Jiles seeks monetary damages and injunctive relief (removal of smokeless tobacco from the prison canteen).  ECF No. 1.

No Defendants have answered the Complaint.  Jiles filed a Motion for Summary Judgment.  ECF No. 29.  Defendants filed a cross-Motion for Summary Judgment.  ECF NO. 33.

## II.  <u>Law and Analysis</u>

### A.  <u>Summary Judgment Standard</u>

Under Rule 56 of the Federal Rules of Civil Procedure, a court must grant summary judgment "if the movant shows that there is no genuine dispute as to any

---

official capacity only.  *See* Fed. R. Civ. P. 25(d).  *See Kentucky v. Graham*, 473 U.S. 159, 166 n. 11 (1985); *Aschan v. Auger*, 861 F.2d 520, 521 n. 2 (8th Cir. 1988); *American Civil Liberties Union of Mississippi, Inc. v. Finch*, 638 F.2d 1336, 1341-42 (5th Cir. 1981); *Muslow v. Board of Supervisors of Louisiana State University*, 2020 WL 4471647, * 11 (E.D. La. 2020).

Jiles's official capacity actions against Longino and Bordelon, and his entire action against Secretary Leblanc have been dismissed.  ECF No. 27.

material fact and the movant is entitled to judgment as a matter of law." Paragraph (e) of Rule 56 also provides the following:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
> (1) give an opportunity to properly support or address the fact;
> (2) consider the fact undisputed for purposes of the motion;
> (3) grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or
> (4) issue any other appropriate order.[2]

"A genuine dispute of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Hefren v. McDermott, Inc.*, 820 F.3d 767, 771 (5th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  In deciding a motion for summary judgment, a court must construe all facts and draw all inferences in the light most favorable to the non-movant.  *See Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).  However, a mere scintilla of evidence is insufficient to defeat a motion for summary judgment. *See Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir. 1999).

## B.  The Supreme Court's test to determine whether an inmate is entitled to relief for exposure to ETS in prison.

The Eighth Amendment prohibits the infliction of "cruel and unusual punishment" on convicted inmates during imprisonment.  The Eighth Amendment encompasses a right to "reasonable safety," including protection against unsafe

---

[2] Local Rule 56.2W (formerly 2.10W) also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted unless the opposing party controverts those facts.

conditions that pose "an unreasonable risk of serious damage to [the inmate's] future health." *See Helling v. McKinney,* 509 U.S. 25, 33, 35 (1993); *see also Legate v. Livingston*, 822 F.3d 207, 210 (5th Cir. 2016), cert. den., 137 S. Ct. 489 (U.S. 2016).  A prison official's duty to protect against such unsafe conditions arises where the inmate has been placed "under a regime that incapacitates [him] to exercise ordinary responsibility for his own welfare."  *County of Sacramento v. Lewis,* 523 U.S. 833, 851 (1998); *see also Legate*, 822 F.3d at 210.

In *Helling,* 509 U.S. at 34, the Supreme Court held the Eighth Amendment protects against imminent dangers as well as current unnecessary and wanton infliction of pain and suffering. *See also Legate*, 822 F.3d at, 210.  Prison officials may violate the Eighth Amendment's prohibition against cruel and unusual punishment by exposing inmates to ETS. *See Helling,* 509 U.S. at 33-35.

"To prove an Eighth Amendment claim for unconstitutional prison conditions, an inmate must show that he was exposed to an objective risk of serious harm and that prison officials subjectively acted with deliberate indifference to inmate health or safety." *See Valentine v. Collier*, 141 S. Ct. 57 (U.S. 2020) (citing *Farmer* v. *Brennan*, 511 U.S. 825, 834 (1994)).

For the objective component of the burden of proof, a plaintiff must show that he is being exposed to unreasonably high levels of ETS.  The objective factor not

4

only embraces the scientific and statistical inquiry into the harm caused by ETS,[3] but also whether society considers the risk to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk. *See Hicks v. Correctional Corp. of America*, 2009 WL 2969768, at *5 (W.D. La. 2009).

On the subjective component, deliberate indifference is a "state of mind" equivalent to "recklessly disregarding" a known and substantial risk. *See Valentine*, 141 S. Ct. at 60 (citing *Farmer*, 511 U.S. at 835-36). The Supreme Court had defined "deliberate indifference" as "subjective recklessness," or a conscious disregard of a substantial risk of serious harm. *See Farmer*, 511 U.S. at 839. Prison officials thus may not "ignore a condition of confinement that is sure or very likely to cause serious illness and needless suffering." *Valentine*, 141 S. Ct. at 60 (citing *Helling,* 509 U.S. at 33).

C.  **Defendants were not deliberately indifferent to the serious risk of future harm to Gipson from exposure to second-hand smoke.**

Jiles contends Defendants are deliberately indifferent to his serious medical needs and the risk of serious future harm to his health posed by daily exposure to ETS.

---

[3] Courts in this district have given judicial notice to the Surgeon General's 2006 report, "The Health Consequences of Involuntary Exposure to Tobacco Smoke," that concludes the there is no risk-free level of exposure to ETS. *See Davis v. McCain*, 2018 WL 4936566, at *4 (W.D. La. 2018) (R&R), report and recommendation adopted, 2018 WL 4925676 (W.D. La. 2018); *Tilmon v. Keith*, 2016 WL 6662470, *1 (W.D. La. 2016); *Samuels v. Terrell*, 2015 WL 4092868, *5 (W.D. La. 2015); *Samuels v. Arnold*, 2014 WL 1340064, *3 (W.D. La. 2014); *Williams v. Johnson*, 2014 WL 2155211, *4 (W.D. La. 2016).

Jiles contends Defendants are liable as supervisors for failing to stop inmates from smoking after he complained about it. In his individual capacity, the doctrine of *respondeat superior*–which makes an employer or supervisor liable for an employee's alleged tort–is unavailable in suits under 42 U.S.C. §1983. *See Thompkins v. Belt,* 828 F.2d 298, 303 (5th Cir. 1987); *see also Brown v. Taylor*, 922 F.3d 235, 245 (5th Cir. 2018). Supervisory officials cannot be held vicariously liable for their subordinates' actions. Supervisory officials may be held liable only if: (1) they affirmatively participate in acts that cause constitutional deprivation; or (2) implement unconstitutional policies that cause plaintiff's injury. *See Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992), cert. den., 508 U.S. 951 (1993); *Thompkins*, 828 F.2d at 303.

Defendants' argue in their Motion for Summary Judgment and show in their affidavits and statement of undisputed facts that: (1) smoking tobacco is prohibited at RLCC (ECF No. 33-3 at 13; No. 33-5; No. 33-14; No. 33-15; No. 33-16): (2) RLCC has smoking cessation assistance for inmates (ECF No. 33-1 at 4; No. 33-20); (3) RLCC has "no smoking" signs (ECF No. 33-1 at 4; No. 33-4 at 24); (4) Defendants Meyers, Longino, and Bordelon have closed the inmate TV room when inmates are discovered smoking there (ECF No. 33-1 at 4; No. 33-14; No. 33-15; No. 33-16); (5) Meyers, Longino, and Bordelon have removed microwaves from inmates dormitories when inmates have been discovered drying smokeless tobacco or lighting pencil shavings (to light tobacco) in them (ECF No. 33-1 at 4; No. 33-14; No. 33-15; No. 33-

16); and (6) over 600 disciplinary violations have been issued to RLCC inmates violating the smoking ban since January 2017 (ECF No. 33-1 at 4; No. 33-14; No. 33-15; No. 33-16). Warden Myers and Bordelon also state in their affidavits that: (1) corrections officers continuously monitor and inspect each eight-tier dormitory; (2) inspections occur every 30 minutes on a staggered basis; (3) inspections include the detection of smoking tobacco, for which disciplinary write-ups are given; and (4) they have instructed all personnel to report a violation of the no-smoking policy by an inmate by completing a Disciplinary Violation Report. ECF No. 33-15; No. 33-16.

Thus, Defendants have shown, through their affidavits and documentary evidence, that they have implemented policies against smoking tobacco in RLCC and have made substantial efforts to curb the misuse of smokeless tobacco by inmates. Those efforts are evidence that Defendants are not deliberately indifferent to either Jiles's current serious medical needs or the risk of serious future harm to Jiles posed by exposure to second-hand smoke.

Jiles has not shown or alleged that Defendants affirmatively participated in the drying and smoking of smokeless tobacco inside RLCC, or that they promoted or promulgated customs or policies that permitted inmates to do so. Jiles argues that Defendants continue to sell smokeless tobacco in the prison commissary. However, it is the prohibited misuse of smokeless tobacco by inmates that causes second-hand smoke–not the sale and proper use of the smokeless tobacco.

Because Defendants have shown they were not deliberately indifferent to the risk of harm to Jiles from second-hand smoke, there are no genuine issues of material fact that preclude a summary judgment in favor of Defendants.

## III.    Conclusion

Based on the foregoing, IT IS RECOMMENDED that Defendants' Motion for Summary Judgment (ECF No. 33) be GRANTED, that Jiles's Motion for Summary Judgment (ECF No. 29) be DENIED, and that Jiles's action be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings

8

or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

SIGNED on Tuesday, February 22, 2022.

Joseph H.L. Perez-Montes
United States Magistrate Judge